IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY GIBSON,

                       Plaintiff,                      ORDER

    v.
                                                        18-cv-593-wmc

GARY BOUGHTON, MICHAEL J.
SHERMAN, LESA K. NOVINSKA,
LOGEN J. LATHROP and SANRA
MUNN,

                       Defendants.

*Pro se* plaintiff Johnny Gibson filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants failed to protect him from an assault by another inmate and failed to respond to his medical emergency. (Dkt. #1-1.) Plaintiff filed the lawsuit in Dane County Circuit Court, and defendants removed it to this court pursuant to 28 U.S.C. §§ 1441, 1446. (Dkt. #1.) This action is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the full filing fee up front.

Applicable here is the Act's "three-strikes rule," 28 U.S.C. § 1915(g), which bars a prisoner from pursuing a civil action in federal court without first paying the full filing fee if three or more of his previous civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

On at least three occasions, Gibson brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Gibson v. Ill. Dep't of Children & Family Servs.*, No. 06-cv-3978 (N.D. Ill. Nov. 27, 2006); *Gibson v. Ill. Dep't of Children & Family Servs.*, No. 07-cv-5544 (N.D. Ill. Oct. 9. 2007); *Gibson v. Raemisch*, No. 09-cv-322-slc (W.D. Wis. June 15, 2009).[1] Therefore, under the three strike rule, he cannot proceed *in forma pauperis* in this case unless his allegations show that he is in imminent danger of serious physical injury. To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege (1) a physical injury that is imminent or occurring at the time the complaint is filed and (2) the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

While plaintiff alleges that he suffered a physical injury due to an inmate assault on February 18, 2015, he does not allege that he continues to suffer physical pain from these injuries, nor that the inmate who attacked him poses an ongoing threat to his safety, much less that defendants are failing to take appropriate measures to protect him. Because Gibson has not shown that he is in imminent danger, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

---

[1] Plaintiff also filed Case No. 14-cv-039-wmc in this court, but failed to alleged imminent harm, resulting in a denial of leave to proceed without full payment of the filing fee.

ORDER

IT IS ORDERED that plaintiff Johnny Gibson's motion for leave to proceed (dkt. #2) is DENIED pursuant to 28 U.S.C. § 1915(g). To proceed with his claims, Gibson must submit the full filing fee of $400 by April 3, 2019. **If he fails to comply as directed within the time allowed, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 14th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge