IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY GIBSON,

                 Plaintiff,

v.

GARY BOUGHTON, MICHAEL J.
SHERMAN, LESA K. NOVINSKA,
LOGEN J. LATHROP and SANRA
MUNN,

                 Defendants.

ORDER

18-cv-593-wmc

*Pro se* plaintiff Johnny Gibson filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants failed to protect him from an assault by another inmate and failed to respond to his medical emergency. (Dkt. #1-1.) Plaintiff filed the lawsuit in Dane County Circuit Court, and defendants removed it to this court pursuant to 28 U.S.C. §§ 1441, 1446. (Dkt. #1.) In prior orders, this court had applied the Prison Litigation Reform Act's "three-strikes rule," 28 U.S.C. § 1915(g), which barred him from proceeding without paying the full $400 filing fee, since he had not pled facts suggesting that he was in imminent danger of serious harm. (Dkt. ##12, 16.)

Gibson is currently appealing that determination, and he has filed a motion to stay this court's order requiring him to pay the full filing fee pending appeal. (Dkt. #24.) In the course of considering that motion, however, it was brought to the court's attention that when defendants removed this action from state court, *they* paid the full filing fee, meaning Gibson never actually sought to proceed under the *in forma pauperis* statute. Accordingly, § 1915(g) was never implicated. Thus, the court erred in dismissing Gibson's complaint

under the three-strike rule. Rather, the court should have proceeded to screen Gibson's complaint as required by 28 U.S.C. § 1915A.

Ideally, this court would simply correct its mistake, but it now likely lacks jurisdiction to do so. Accordingly, the court can only grant a stay requiring future payments of the $400 filing fee. That settled, under Federal Rule of Civil Procedure 62.1(a)(3), the court further states that if the case were remanded, it would grant Gibson the relief he is seeking: (1) a finding that he does not owe the $400 filing fee; and (2) returning the payments he has already made toward the $400 filing fee. Gibson may then promptly alert the Court of Appeals for the Seventh Circuit of this order pursuant to Federal Rule of Appellate Procedure 12.1, which may in turn remand this case back to this court for further proceedings as it deems fit. Alternatively, defendants may simply confess error by this court as they deem fit.

The court apologizes to the parties and the court of appeal for this oversight.

ORDER

IT IS ORDERED that plaintiff Johnny Gibson's motion to stay (dkt. #26) is GRANTED. Pursuant to Federal Rule of Civil Procedure 62.1(a)(3), the court states that it erred in dismissing Gibson's lawsuit for failure to pay the $400 filing fee.

Entered this 13th day of May, 2019.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge